UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ANDRES SOTO BRICUYET, and others similarly-situated,

    Plaintiff,

v.

LEWIS TREE SERVICE, INC., a foreign corporation,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, ANDRES SOTO BRICUYE, by and through his undersigned attorney, hereby sues Defendant, LEWIS TREE SERVICE, INC, ("the Employer" or "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES, VENUE

1. This is an action to recover money damages for wages. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §201-219 (§216 for jurisdictional placement) ("the FLSA"), and under 28 U.S.C. § 1331. This court has jurisdiction over the state claims under 28 U.S.C. §1367.

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. The corporate Defendant, LEWIS TREE SERVICE, INC, is a New York corporation, which at all times material hereto, was doing business within the jurisdiction of Miami-Dade County, Florida, and at all times material hereto was and is engaged in interstate commerce.

4. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

5. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiff was within interstate commerce.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because the Defendant transacts business in this District, because payment was to be tendered to Plaintiff by the Defendant in this District, and because most of the actions complained of occurred within this District.

7. All conditions precedent to the bringing of this action or same have been waived or excused.

8. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## COUNT I
## UNPAID OVERTIME WAGES

9. Plaintiffs re-allege and re-aver paragraphs 1 through 8 as fully set forth herein.

10. Defendant employed Plaintiff as a non-exempt employee from approximately May 9, 2016 through May 27, 2016. He was paid an hourly rate of $15.00. Plaintiff worked an average of over 63 hour per week but was not paid overtime for hours worked in excess of forty (40) hours per week, as required by the Fair Labor Standards Act. The failure to pay these overtime hours resulted in an overtime violation. Plaintiff estimates his overtime damages as follows: [1]

**May 9, 2016 through May 27, 2016**
3 weeks x 23 (Overtime Hours) x $22.50 (time and a half $15.00) = $1,552.50 plus any other damages allowed by law

Total Unpaid Overtime Wages Owed: $1,552.50 x 2 (liquidated damages) = **$3,105.00**

---

[1] Plaintiff's damages are calculated as a matter of inference. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S.Ct. 1187, 1192-93 (1946). Plaintiff reserves the right to modify the calculations after discovery is taken and payroll information is received from Defendant. Plaintiff will not be able to accurately calculate the hours week by week until such time as when she reviews Defendant's payroll records.

11. The similarly-situated current and former employees are all those other employees who worked for Defendant and performed the same or similar duties as that of Plaintiff.

12. Plaintiff routinely worked in excess of forty (40) hours per week.

13. Plaintiff was not paid overtime for hours worked in excess of forty (40) hours per week, as required by the Fair Labor Standards Act. The failure to pay these overtime hours resulted in an overtime violation.

14. Defendant remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages.

15. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Employer to properly pay him at the rate of time-and-a-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

16. Defendant intentionally failed to pay Plaintiff overtime wages and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendant failed to accurate keep time records to hide overtime violations. Defendant also failed to keep payroll records in order to hide the overtime violations. Defendant had knowledge of Plaintiff's work schedule and the amount of hours Plaintiff worked in excess of forty per week. Employees complained about the lack of overtime

pay and Defendant knew or should have known of the work performed by the Plaintiff and of their obligation to pay overtime wages to Plaintiff.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees and costs from the Defendant pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with the Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II
## BREACH OF ORAL EMPLOYMENT AGREEMENT

17. Plaintiff adopts and re-alleges paragraphs 1 through 8 as if fully set forth herein.

18. Defendant, employed Plaintiff from approximately May 9, 2016 through May 27, 2016, under the terms of the parties' oral employment agreement.

19. Plaintiff and Defendant had an employment agreement whereby Plaintiff would work for Defendant at the rate of $15.00 an hour.

20. Plaintiff accepted the terms of this agreement and worked for Defendant under these terms.

21. Plaintiff was not compensated for his work for the period of - May 9, 2016 through May 27, 2016 - notwithstanding the fact that he worked during this time frame and was rightfully due his wages.

22. During the relevant time period Plaintiff worked six days per week and averaged 63 hours per week.

23. As of the date of this complaint, Plaintiff has not been paid for all the wages earned during the relevant time period

24. Defendant has materially breached the employment agreement by: (1) failing to pay Plaintiff his wages that were due for the relevant time period; and (2) failing to pay Plaintiff all his wages when due.

25. As a result of Defendant's breach, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, plus interest, costs, reasonable attorney's fees, and any and all other relief which this Court deems reasonable under the circumstances.

**COUNT III**
**RECOVERY OF MINIMUM WAGE (FLSA)**

26. Plaintiff adopts and re-alleges paragraphs 1 through 8 as if fully set forth herein.

27. Defendant is required to pay its employees a minimum wage.

28. Plaintiff and Defendant had an employment agreement whereby Plaintiff would work for Defendant at the rate of $15.00 an hour.

29. For the workweek of May 9, 2016 through May 27, 2016, Plaintiff worked for Defendant.

30. During said time period, Plaintiff was not paid anything despite working an average of 63 hours per week. The failure to pay Plaintiff his wages is a violation of the Fair Labor

Standards Act, as Defendant's pay practice for this week did not meet the applicable Federal Minimum Wage

31. The Defendant's wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements, as Plaintiff was not pay the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations for all hours worked for Defendant during this time period.

32. Defendant willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendant knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act

33. Defendant remain owing Plaintiff these wages.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees and costs from the Defendant pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with the Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## **JURY DEMAND**

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury

Respectfully Submitted,

**LAW OFFICES OF CHRISTOPHER F. ZACARIAS, P.A.**
*Counsel for Plaintiff*
5757 Blue Lagoon Drive, Suite 230
Miami, Florida 33126
Telephone: 305-403-2000
Facsimile: 305-459-3964
E-Mail: czacarias@zacariaslaw.com

*/s/ Christopher F. Zacarias*

CHRISTOPHER F. ZACARIAS
Florida Bar No.: 85609